24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Dennis NELSON, Plaintiff-Appellant,
v.
Joan G. SEITZ; Thomas Kolberg; Ronald Poole, Defendants-Appellees.
 No. 93-35732.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 14, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis R. Nelson appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 civil rights action pursuant to 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's dismissal for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.
 
 
 3
 Under section 1915(d), the district court may dismiss an in forma pauperis action as frivolous when it is clear that the defendants are immune from suit. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Judges have absolute immunity from suits for damages for their judicial acts unless the judge acted in the clear absence of all jurisdiction. Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1389 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988). A judicial act is one in which the judge is "resolving disputes between parties or ... authoritatively adjudicating private rights." Antoine v. Byers & Anderson, Inc., 113 S.Ct. 2167, 2171 (1993) (quotation and citation omitted). A clear absence of all jurisdiction is defined as a "clear lack of all subject matter jurisdiction" Mullis, 828 F.2d at 1389. "A judge will not be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).
 
 
 4
 Nelson commenced this action against three Oregon Circuit Judges. Nelson alleged that defendants violated his civil rights in the processing, issuance, and enforcement of restraining orders issued under the Oregon Abuse Prevention Act. See Oregon Rev.Stat. 107.700-107.730. Nelson alleged that one or more of the defendants ruled contrary to the evidence presented in these proceedings, improperly gave his wife legal advice from the bench, refused to enforce a protective order, and issued an invalid restraining order. All the claims alleged by Nelson against these defendants are based on actions taken by the defendant judges in the processing and implementation of petition(s) for restraining orders. Because the judges were "resolving disputes between parties or ... authoritatively adjudicating private rights," see Antoine, 113 S.Ct. at 2171, these were judicial acts. Further, the judges were not acting in the clear absence of all jurisdiction. Under Oregon law, "[a]ny person who has been the victim of domestic abuse ... may petition the circuit court for relief," Oregon Rev.Stat. Sec. 107.710, and such relief may include a restraining order, Oregon Rev.Stat. Sec. 107.718.
 
 
 5
 Because the defendant judges have absolute judicial immunity from Nelson's claims, the district court properly dismissed this action as frivolous. See Neitzke, 490 U.S. at 327.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Nelson's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Nelson's response to the Clerk's 9th Cir.R. 34-4 letter, Nelson requested permission to add his ex-wife and the Douglas County Shefiff's Department as new defendants. Because this request is raised for the first time on appeal, the request is denied